## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BETHLEHEM CAMPBELL | **CASE NO.: 1:17-cv-09110** |
| **Plaintiff,** | **JUDGE:** |
| **-v-** | |
| DIVERSIFIED CONSULTANTS, INC. | **COMPLAINT** |
| **Defendant.** | **JURY DEMAND ENDORSED HEREON** |

Plaintiff, Bethlehem Campbell, for his complaint against Diversified Consultants, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), for Defendant's unlawful collection practices as described herein.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Illinois and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Illinois.

<u>**PARTIES**</u>

4. Plaintiff, Bethlehem Campbell ("Mr. Campbell"), is a natural adult person residing in Bolingbrook, Illinois, which lies within the Northern District of Illinois.

5. Mr. Campbell is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Defendant, Diversified Consultants, Inc., is a Florida corporation in the business of collecting consumer debts on behalf of others in the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

7. On its website and in its communications, Defendant identifies itself as a "debt collector."

8. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

<u>**FACTS SUPPORTING CAUSES OF ACTION**</u>

9. Teisha Campbell ("Teisha") is Mr. Campbell's daughter.

10. Teisha received numerous phone calls from Defendant to her personal cellular phone over the course of several days.

11. During the course of one of these calls, Teisha spoke to a representative for Defendant who asked to speak with Mr. Campbell. Teisha told the representative that she did not know anyone by that name and Defendant indicated that they would update their records.

12. Following this communication, Defendant continued to call Teisha repeatedly.

13. On or about October 15, 2017, as the calls from Defendant persisted, Teisha contacted Defendant via phone to inquire as to why it continued to call her repeatedly.

14. Defendant notified Teisha that it was a debt collector seeking to collect on a debt, and that any information collected would be used for that purpose.

15.   Defendant told Teisha that it was attempting to contact "Bethlehem Campbell" in connection with a debt and asked if "Bethlehem" was her husband.

16.   Teisha explained to Defendant that "Bethlehem" was her father and asked why it was attempting to contact him through her phone number.

17.   At no point did Defendant notify Teisha that it was seeking location information regarding Mr. Campbell.

18.   At no time did Mr. Campbell ever give Defendant permission to contact Teisha.

19.   Teisha contacted Mr. Campbell and told him about Defendant's persistent calls to her.

20.   Concerned and embarrassed after learning about Defendant's calls to Teisha in connection with his debt, Mr. Campbell spoke to his attorneys for assistance and clarification regarding his rights.

## DAMAGES

21.   Mr. Campbell was harassed by Defendant when it called his daughter repeatedly, without his consent, in connection with an alleged consumer debt Mr. Campbell owed to Defendant.

22.   Mr. Campbell was embarrassed when his daughter found out about his financial difficulties, and Defendant's collection actions have caused a strain on their relationship.

23.   Mr. Campbell justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

24.   Due to Defendant's conduct, Mr. Campbell was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25.   After a reasonable time to conduct discovery, Mr. Campbell believes he can prove that all actions taken by Defendant as described herein were taken willfully and/or with knowledge that its actions were taken in violation of the law.

26.   Due to Defendant's conduct, Mr. Campbell is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

### GROUNDS FOR RELIEF

#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### *15 U.S.C. §§ 1692b(1), b(2), b(3), c(b), d, e, e(10) and f*

27.   All prior paragraphs are incorporated into this count by reference.

28.   The FDCPA states, in relevant part:

> "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall − (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer; (2) not state that such consumer owes any debt; (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information . . ." 15 U.S.C. §§ 1692b(1), b(2) and b(3).

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b).

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e and e(10).

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

29. Defendant violated 15 U.S.C. §§ 1692b(1), b(2), b(3), c(b) and d by repeatedly contacting Teisha in an attempt to collect a debt allegedly owed by Plaintiff, when Plaintiff had not given Defendant permission to contact any third party, when Defendant continued to contact Teisha even after she represented that she did not know the person it was attempting to contact, and when Defendant subsequently disclosed to her that it was attempting to collect a debt from Plaintiff. Because Plaintiff does not share or otherwise disclose his personal financial affairs, including information regarding his personal debts, to his daughter, Teisha is a "third-party" as that term is defined, used and/or contemplated within the FDCPA. As such, Defendant's permissible phone communications with Teisha were limited in number and scope pursuant to Sections 1692b and 1692c of the FDCPA, and Defendant grossly exceeded such limitations.

30. Defendant violated 15 U.S.C. §§ 1692e, e(10) and f by representing to Teisha that it was initially attempting to contact her regarding a debt that she no longer owed to it as a means of trying to obtain other information about Plaintiff. Defendant had no reason to contact Teisha regarding Plaintiff's alleged debt and tried to deliberately mask its intentions by claiming that it had contacted her regarding an account of hers that it no longer owned. Only when Teisha directly inquired as to why it was seeking information about Plaintiff did Defendant acknowledge that it had no legal right to discuss the matter with her.

31. As an experienced debt collector, Defendant is undoubtedly aware of its obligations and the restrictions that exist under the FDCPA when it comes to contacting third parties. Defendant intentionally overstepped those limitations in its efforts to collect upon an alleged debt. Defendant also overstepped those limitations by contacting or attempting to contact a third party repeatedly after being told that it had incorrect information, and attempting to obtain such information using deceptive means.

32. As Plaintiff had no prior contractual relationship or dealings with Defendant whatsoever, Plaintiff was justifiably concerned and embarrassed by Defendant's collection communications with his daughter, whom he does not share or otherwise disclose his personal financial affairs to.

33. As set forth in paragraphs 21 through 26 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Bethlehem Campbell, respectfully requests that this Court enter judgment in his favor as follows:

a) Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

d) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 19th day of December, 2017.      Respectfully Submitted,

                                      */s/ Geoff B. McCarrell*

                                      Geoff B. McCarrell #0086427
                                      David S. Klain #0066305
                                      CONSUMER LAW PARTNERS, LLC
                                      435 N. Michigan Ave., Suite 1609
                                      Chicago, Illinois 60611
                                      (267) 422-1000 (phone)
                                      (267) 422-2000 (fax)
                                      geoff.m@consumerlawpartners.com

                                      *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                      */s/ Geoff B. McCarrell*

                                      Geoff B. McCarrell #0086427
                                      CONSUMER LAW PARTNERS, LLC

7